UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM B. HUDDLESTON,

    Petitioner,

v.                                    CASE NO. 8:16-cv-76-T-02AAS

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

William B. Huddleston, a Florida prisoner, initiated this action for habeas corpus relief pursuant to 28 U.S.C. Section 2254. (Dkts. 1, 2). Upon consideration of the petition and memorandum, the Court ordered Respondent Secretary, Department of Corrections, to show cause why relief sought in the petition should not be granted. (Dkt. 4). Thereafter, Respondent filed a response in opposition to the petition, along with the state court record. (Dkts. 5, 6). Mr. Huddleston then filed a reply. (Dkt. 10).

In his petition, Mr. Huddleston alleges one claim for relief — ineffective assistance of counsel for failure to object to a purported discovery violation and request a *Richardson*[1] hearing. (Dkt. 1 at 5).

I.    **PROCEDURAL HISTORY**

Mr. Huddleston was charged by Information with aggravated battery with a deadly weapon for the December 2006 stabbing of victim Brandon Young. (Dkt. 6 Ex. 1 at 2). In 2009, a jury

---

[1] *See Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

found him guilty as charged, and Mr. Huddleston was sentenced to fifteen years in prison as a prison releasee reoffender ("PRR"). (Dkt. 6 Ex. 1 at 37, 43, 46–47).

On appeal, his counsel filed an *Anders*[2] brief and Mr. Huddleston filed a supplemental *pro se* brief. (Dkt. 6 Exs. 2, 3). The state appellate court affirmed his conviction and sentence, per curiam. (Dkt. 6 Ex. 5); *Huddleston v. State*, 75 So. 3d 1256 (Fla. 2d DCA 2011) (table).

Mr. Huddleston then filed a motion, and subsequent amended motion, for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. (Dkt. 6 Exs. 7, 9). In a series of orders, the state post-conviction court ordered an evidentiary hearing on four grounds and ultimately denied each ground raised in the amended motion. (Dkt. 6 Exs. 10, 12, 15, 16, 17). Mr. Huddleston appealed, and the state appellate court affirmed, per curiam, the denial of his amended Rule 3.850 motion. (Dkt. 6 Ex. 18, 19, 22); *Huddleston v. State*, 181 So. 3d 492 (Fla. 2d DCA 2015) (table).

Mr. Huddleston then filed the instant federal habeas petition in this Court. Upon review, the Court can resolve the entire petition on the basis of the record. Therefore, an evidentiary hearing is not warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

---

[2] In *Anders v. California*, 386 U.S. 738, 744 (1967), the Supreme Court set forth the following procedure for court-appointed counsel to pursue an appeal requested by his client when counsel has determined there is no merit to the appeal:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of

3

Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Under section 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835–36; 28 U.S.C. § 2254(e)(1).

In evaluating a petitioner's claim, a federal habeas court must first identify the highest state court decision, if any, that adjudicated the claim on the merits. *Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). Where that state court's adjudication is not accompanied by a reasoned opinion, the United States Supreme Court has explained that:

> the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning. But the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed.

*Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

## B. Ineffective Assistance of Counsel Standard

Claims of ineffective assistance of counsel are analyzed under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a petitioner to demonstrate both deficient performance by counsel and resulting prejudice. Demonstrating deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Additionally, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

The petitioner must demonstrate that counsel's alleged errors prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691–92. To show prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Sustaining a claim of ineffective assistance of counsel on federal habeas review is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted). *See also Cullen v. Pinholster*, 563 U.S. 170, 202 (2011) (a petitioner must overcome the " 'doubly deferential' standard of *Strickland* and AEDPA.") (citation omitted).

If a claim of ineffective assistance of counsel can be resolved through one of *Strickland*'s two prongs, the other prong need not be considered. *Strickland*, 466 U.S. at 697; *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

## III. ANALYSIS

Mr. Huddleston claims that he was wearing all black clothing at the time the victim was stabbed. (Dkt. 1 at 5). During deposition, the victim stated that he did not see Mr. Huddleston stab him from behind, but that when he turned around after being stabbed he saw somebody wearing white clothing. (*Id.*; Dkt. 2 at 5). Then, at trial, the victim testified that he did see his attacker and that his attacker was wearing all black clothing. (Dkt. 1 at 5; Dkt. 2 at 5). Citing Rule 3.220, Florida Rules of Criminal Procedure, Mr. Huddleston argues that, under Florida law, the prosecutor had a duty to disclose the change in testimony to the defense, and that his counsel should have objected to this discovery violation and requested a *Richardson* hearing.[3] (Dkt. 2 at 4–6). He further argues that his defense was prejudiced because counsel was prepared to argue that a third party, who was present at the time of the stabbing and was wearing white, was the assailant. (Dkt. 2 at 6). He contends that, due to the late notice of the change in testimony, his counsel was forced to rapidly and unsuccessfully switch to a self-defense theory the morning trial began. He additionally claims he was deprived of the opportunity to move for immunity under Florida's "stand your ground" doctrine. (Dkt. 2 at 6–7).

Mr. Huddleston raised this claim as issue one in his amended Rule 3.850 motion for post-conviction relief. (Dkt. 6 Ex. 9 at 1–7). The state post-conviction court, affirmed per curiam by the state appellate court, summarily denied the claim, explaining:

---

[3] "A Richardson hearing is held to determine whether the State committed a discovery violation in contravention of the Florida Rules of Criminal Procedure and, if so, whether the non-compliance resulted in prejudice to the defendant's ability to prepare for trial." *Cisneros v. McNeil*, No. 8:05-cv-762-T-27TGW, 2008 WL 1836368, at *5 (M.D. Fla. Apr. 23, 2008).

6

> The Defendant claims that counsel rendered ineffective assistance by failing to challenge a discovery violation. The Defendant argues that the victim in this case "changed his statement throughout the entire investigation process — including his trial testimony — regarding what took place on the night the incident occurred." He argues that the prosecution failed to disclose the substantial changes in [the victim's] testimony prior to trial, which materially hindered the Defendant's trial preparation. The Defendant claims that defense counsel rendered ineffective assistance by failing to request a *Richardson* hearing after learning that the State had committed a discovery violation by failing to disclose that the victim had changed his testimony. The Defendant alleges he suffered prejudice because counsel's failure to object to the State's alleged discovery violation undermined the entire proceeding and prevented the Defendant from utilizing a well-prepared theory of justifiable use of force as a defense.
>
> Both the prosecution and the defense were present at the deposition of the victim, and both attorneys had access to the complaint affidavit. *Exhibit C: Deposition of Brandon Young; Exhibit D: Complaint Affidavit.* Thus, the Defendant's claim turns on whether the State withheld the victim's initial statement from the defense that was materially different from his testimony at the deposition or at trial. The record refutes the Defendant's claim that the State withheld evidence prior to trial and that counsel rendered ineffective assistance by failing to request a *Richardson* hearing. During closing arguments, counsel extensively argued that the victim had made a statement immediately after the incident to officers that significantly differed from his later deposition testimony and testimony at trial and suggested that discussions with the prosecution had altered the victim's version of events. *Exhibit B: Jury Trial*, pp. 362-379. Specifically, defense counsel questioned the victim about his prior written statement and again pointed out the inconsistencies within that statement on closing. *Exhibit B: Jury Trial*, pp. 280–82; 372. Accordingly, the record refutes any claim by the Defendant that the victim's prior statements had been withheld from the defense prior to trial.

(Dkt. 6 Ex. 10 at 2-3).

Challenging case law cited by Respondent, Mr. Huddleston contends that, contrary to the state court's decision, there was a discovery violation. (*See* Dkt. 2 at 4–7; Dkt. 10 at 2–7). He also claims that, contrary to Respondent's position, he suffered prejudice because counsel found out only the morning of trial that the victim was changing his testimony, and the witnesses that counsel called at trial were to support the theory of misidentification, not self-defense. (Dkt. 2 at 5–6; Dkt. 10 at 7–8). Mr. Huddleston further asserts his prejudice is not minimized by the fact that he would have had to defend against the victim's photo identification of him as the assailant, despite

7

the victim's trial testimony; he claims that defending against the incorrect photo identification was not inconsistent with his theory of misidentification. (Dkt. 10 at 8–9). Finally, Mr. Huddleston argues that the state post-conviction court erred by not holding an evidentiary hearing on this claim and that his counsel's failure to object prevented the issue from being considered on direct appeal. (Dkt. 10 at 1–4, 9).

While the issue before the court is one of ineffective assistance, a question cognizable on federal habeas review, the underlying issue of whether a discovery violation occurred under Florida law[4] and whether counsel should have objected and moved for a *Richardson* hearing is a question of state law. The state court's denial of this claim is dispositive of the underlying state law issue, and ultimately binds this Court. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). *See also Pinkney v. Secretary, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (superseded by statute on other grounds)) ("[A]lthough 'the issue of ineffective assistance — even when based on the failure of counsel to raise a state law claim — is one of constitutional dimension,' [the Court] 'must defer to the state's construction of its own law' when the validity of the claim that . . . counsel failed to raise turns on state law.")).

Because the state court concluded there was no discovery violation under Florida law, the Court concludes that counsel did not err by failing to object or request a *Richardson* hearing.[5] The

---

[4] Mr. Huddleston does not assert a claim that the alleged discovery error violated his federal constitutional rights.

[5] Accordingly, the Court does not reach the issue of prejudice. *See Strickland*, 466 U.S. 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

state court reasonably denied Mr. Huddleston's ineffective assistance of counsel claim, and that denial was not contrary to, or an unreasonable application of, *Strickland* or based on an unreasonable determination of the facts.

In addition, the state court's failure to hold an evidentiary hearing does not entitle Mr. Huddleston to relief. Under Florida law, a motion for post-conviction relief may be summarily denied "only if the claims asserted are either legally insufficient or conclusively refuted by the record." *Washington v. State*, 10 So. 3d 1126, 1127 (Fla. 1st DCA 2009) (citing *Freeman v. State*, 761 So.2d 1055, 1061 (Fla. 2000)). If the state court is unable to "attach portions of the record that conclusively refute the claims," then, "summary denial is improper, and an evidentiary hearing is required." *Id.* at 1127–28.

The Court need not decide whether the state post-conviction court erred in this case because a defect in a state collateral proceeding provides no basis for habeas relief, "since no question of a constitutional nature is involved." *See Carroll v. Sec'y, Dep't of Corr.*, 574 F.3d 1354, 1365 (11th Cir. 2009) (quoting *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992)); *see also Anderson v. Sec'y for Dep't of Corr.*, 462 F.3d 1319, 1330 (11th Cir. 2006) (citing *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987)). Additionally, "a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment — [that is], the conviction itself — and thus habeas relief is not an appropriate remedy." *Carroll*, 574 F.3d at 1365.[6]

Any of Mr. Huddleston's allegations not specifically addressed herein are without merit.

---

[6] Although Mr. Huddleston additionally argues that His counsel's failure to object during trial prevented the purported discovery violation from being considered on direct appeal (Dkt. 10 at 1–4), he did not raise this issue in his petition or attached memorandum. Petitioner is not permitted to raise new issues in his reply. *See United States v. Krasnow*, 484 F. App'x 427, 429 (11th Cir. 2012) (per curiam) (citing *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008)). Therefore, that argument is not considered.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**. The Clerk shall enter judgment against Mr. Huddleston and close this case.

2. A certificate of appealability (COA) is **DENIED** in this case because Mr. Huddleston cannot make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And because Mr. Huddleston is not entitled to a COA, he is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on January 28th, 2019.

WILLIAM F. JUNG
United States District Judge

Copies to: Petitioner *pro se*; Counsel of Record